UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMBER HARRIS, a single individual,<br><br>                    Plaintiff,<br>   v.<br><br>GLACIER BANCORP, INC., a<br>Montana corporation doing business as<br>Mountain West Bank,<br><br>                    Defendant. | NO:  2:16-CV-47-RMP<br><br>ORDER APPROVING STIPULATION<br>FOR ENTRY OF A PROTECTIVE<br>ORDER |

BEFORE THE COURT is the parties' Stipulated Motion for Entry of a Protective Order, ECF No. 12.  The Court has reviewed the stipulation, the record, and is fully informed.  Having considered the stipulation of the parties, the Court hereby finds good cause to grant the motion and enter the proposed Protective Order.  Accordingly, the Stipulated Motion for Entry of a Protective Order, **ECF No. 12**, is **GRANTED**, and the parties shall be bound by the following terms:

**PROTECTIVE ORDER**

    **IT IS HEREBY STIPULATED AND AGREED** by and between the Parties and through their respective counsel that a Protective Order shall be issued

ORDER APPROVING STIPULATION FOR ENTRY OF A PROTECTIVE
ORDER ~ 1

in this action regarding certain documents and information produced during

discovery that relates to certain procedures or protocols for the Defendants.  The

Parties intend to produce documents, respond to written discovery, provide certain

testimony, and request the production of certain documents, information and/or

testimony that they believe may contain or constitute trade secrets, confidential

and/or commercially sensitive bank security information, privileged information,

and other confidential, sensitive, or proprietary information.  The Parties desire

that such confidential material be protected by virtue of designating such materials

as confidential and restricting their dissemination.  This Stipulation for Entry of

Protective Order is without prejudice to any party moving the Court for different or

additional protection for specified documents or categories of documents.

1.    **Definitions**.  The following definitions shall apply to this Order:

(a)    Designation of Material as "CONFIDENTIAL": If a Party believes in

good faith that documents in any format, materials, or information ("Materials")

supplied by it, the other Party, or a third party constitutes commercially sensitive,

confidential, or proprietary information, the Party may designate such information

as "CONFIDENTIAL," and it shall be entitled to protection pursuant to FED. R.

CIV. P. 26(c).

(b)    The Parties as necessary will in good faith consult regarding the

appropriateness of the "CONFIDENTIAL" designation.  If they are unable to

ORDER APPROVING STIPULATION FOR ENTRY OF A PROTECTIVE
ORDER ~ 2

agree, the issue shall be submitted to the Court for resolution as set forth in this stipulation.

(c)    "Qualified Persons" shall mean and refer to:

(i)    Attorneys who are counsel of record and are representing or have represented any of the Parties to this lawsuit in connection with the matters raised in the lawsuit and persons in the regular employ of the law firm that are counsel of record in this lawsuit;

(ii)    The named Parties in this lawsuit who are responsible for or involved in the conduct of this litigation, except that Confidential Information disclosed to such persons shall be limited to that which reasonably relates to their responsibility for or conduct of the litigation;

(iii)    Court personnel, including reporters engaged in such proceedings, incident to counsel's preparation for trial and/or trial of this action;

(iv)    Expert witnesses or prospective expert witnesses retained or consulted by counsel for purposes of this case, except that the Confidential Information disclosed to such persons shall be limited to that reasonably necessary for them to form an opinion or prepare their testimony as to the matters about which counsel consulted or retained them;

(v)    Consultants and/or experts retained or consulted by counsel, who assist counsel in the prosecution in this action, except that Confidential

ORDER APPROVING STIPULATION FOR ENTRY OF A PROTECTIVE ORDER ~ 3

Information disclosed to such persons shall be limited to that which reasonably relates to the issues or subjects on which they advise counsel;

(vi)    Fact witnesses (including their counsel), called at trial or used in the investigation of all claims and defenses, except that the Confidential Information disclosed to such persons shall be limited to that which is reasonably necessary for their testimony or its preparation; and

(vii)   Such other persons as may hereafter be qualified to receive Confidential Information pursuant to order of this Court or written agreement of the Parties.

2.    **Limits on Use of Information**.  Confidential Information shall only be disclosed to the persons and under the circumstances described in this stipulation.  The Parties shall not use or rely on any Confidential Information learned as a result of this litigation, except as reasonably required by the litigation. If any Party breaches this express limitation, any other Party may seek injunctive, compensatory, and/or other relief allowed by law or equity.  Persons who execute an acknowledgment form pursuant to Paragraph 3 below, shall be considered "Parties" for the purposes of this Paragraph.

3.    **Acknowledgement Form**.  The substance or content of the Confidential Information shall not be disclosed to anyone other than a Qualified Person.  No Confidential Information disclosed pursuant to the terms of this Court's Order shall be disclosed or used by a recipient for any purpose other than

ORDER APPROVING STIPULATION FOR ENTRY OF A PROTECTIVE ORDER ~ 4

reasonably necessary for the conduct of this litigation.  Qualified Persons who are

provided Confidential Information shall acknowledge this Court's Order on the

form attached to ECF No. 12, which will be maintained by the Party disclosing this

Confidential Information to the Qualified Individual, including to fact and expert

witnesses.

        4.     **Identifying Information Subject to Protective Order**.  Any

Materials, including but not limited to any deposition transcript, shall be identified

as Confidential Information and, where appropriate, marked prominently by the

disclosing Party as "CONFIDENTIAL."  If a disclosing Party inadvertently fails to

appropriately designate Materials as containing or constituting Confidential

Information with this label, the Party shall immediately notify the other Party and

replace the document with one marked "CONFIDENTIAL."  The documents not

marked shall be confidentially destroyed.

        6.     **Challenges to Designations of Protective Order Coverage**.  Any

Party may, at any time, give written notice to a producing Party of the challenge to

the designation of Materials as Confidential Information.  The Party designating

the Materials as Confidential Information shall bear the burden of demonstrating

that the designation is appropriate.  Any disputes that cannot be resolved by the

Parties will be resolved by an *in camera* review by the Court.

        7.     **Filing Designated Confidential Information with Court**.  All

Materials filed with the Court that are designated as Confidential Information, and

ORDER APPROVING STIPULATION FOR ENTRY OF A PROTECTIVE
ORDER ~ 5

1  any pleading or memorandum purporting to produce or paraphrase Confidential

2  Information shall be filed pursuant to FED. R. CIV. P. 5.2(d) and (e), ECF

3  Administrative Procedure § VI (B), and as necessary pursuant to Ninth Circuit

4  Appellate Rules on sealed documents.

5      8.    **Continuing Jurisdiction**.  Jurisdiction of this action is to be retained

6  by this Court after final determination for purposes of enabling any party or person

7  affected by this Court's Order for such direction, order, or further decree as may be

8  appropriate for the construction, modification, enforcement, or compliance

9  including of any violation of this Protective Order, or for such additional relief as

10  may become necessary.

11      9.    **Restrictions on Use of Confidential Information in Depositions**.

12  Persons may be deposed regarding Confidential Information.  Only Qualified

13  Persons as defined in this Order may be present during such depositions.  A

14  reporter recording any Confidential Information or incorporating into a transcript

15  any Materials containing Confidential Information or incorporating into a

16  transcript any document containing Confidential Information shall transmit such

17  transcript only to counsel of record for the Parties.

18      10.    **Further Orders of Court**.  Maintenance of the confidential status of

19  any Materials shall in all cases be subject to further order of the Court and nothing

20  herein shall preclude any Party from applying to the Court for any appropriate

21  modification of this Order; provided, however, that prior to such application, the

ORDER APPROVING STIPULATION FOR ENTRY OF A PROTECTIVE
ORDER ~ 6

Parties shall endeavor in good faith to resolve the matter without further action by the Court.

12.   **Coverage of Pretrial Proceedings**.  This Order shall govern pretrial proceedings.  The handling of Confidential Information at trial may be governed by a later order of the Court.

13.   **Return of information Upon Termination**.  Upon termination of this action, the Clerk shall return all documents containing Confidential Information in the court file to counsel for the Party who filed the Confidential Information.  Further, upon termination of this action, all documents containing Confidential Information and any copies in the possession of any other person shall be returned within 30 days to counsel for the Party who designated and provided Confidential Information to the other Party, or shall assure that the Confidential Information has been securely destroyed.

The District Court Clerk is directed to enter this Order and provide copies to counsel.

**DATED** this 23rd day of August 2016.

_s/ Rosanna Malouf Peterson_
ROSANNA MALOUF PETERSON
United States District Judge

ORDER APPROVING STIPULATION FOR ENTRY OF A PROTECTIVE ORDER ~ 7