Ryan M. Best, WSBA 33672
Best Law PLLC
905 W. Riverside, Suite 409
Spokane, WA 99201
Phone: (509) 624-4422
Fax: (509) 703-7957
Email: ryan.best@bestlawspokane.com


MICHAEL B. LOVE, WSBA # 20529
Michael Love Law, PLLC
905 W. Riverside Avenue, Suite 404
Spokane, WA 99201
Telephone:  509-212-1668
E-mail: mike@michaellovelaw.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| AMBER HARRIS, a single individual,<br><br>  Plaintiff,<br><br>vs.<br><br>GLACIER BANCORP INC., a Montana Corporation d/b/a/ MOUNTAIN WEST BANK,<br><br>  Defendant. | Case No.: 2:16-CV-00047-RMP<br><br>AMENDED COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL |

## I. SUMMARY

Amber Harris was on family medical leave for a surgery to resolve her disability when she was terminated on a pretext by her employer.

AMENDED COMPLAINT FOR
DAMAGES AND REQUEST FOR
JURY TRIAL - 1

Amber Harris seeks damages for discrimination, failure to accommodate and retaliation under the Americans With Disability Act ("A00DA"), Washington Law Against Discrimination, Chapter 49.60 RCW (hereinafter "WLAD"), state and federal Family Medical Leave Act based upon theories of interference, discrimination and retaliation.

## II.    PARTIES, VENUE, AND JURISDICTION

2.1    Amber Harris is a resident of Pend Oreille County.

2.2    Amber Harris was an employee of Glacier Bancorp Inc. d/b/a Mountain West Bank (hereinafter "Mountain West Bank") until she was wrongfully terminated on the last day of medical leave in September of 2014.

2.3    Amber Harris worked as a customer service representative when initially hired by Mountain West Bank and eventually progressed to become a customer service manager at the time of her termination.

2.4    Mountain West Bank, a division of Glacier Bancorp Inc., is a Montana Corporation with 399 employees, which operated and conducted business at 330 N. Washington, Newport, Washington 99156.

2.5    Amber Harris is bringing a claim under the ADA and WLAD.

AMENDED COMPLAINT FOR
DAMAGES AND REQUEST FOR
JURY TRIAL - 2

2.6   This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 and supplemental jurisdiction over Plaintiff's Washington state law claims under 28 U.S.C. 1367(a).

2.7   Venue is proper under 28 U.S.C. §1391(b) & (c) in the Eastern District of Washington.

### III.   FACTS

3.1   Amber Harris went to work for Mountain West Bank in 2010.

3.2   Amber Harris initially worked as a customer services representative for Mountain West Bank in Newport, Washington.

3.3   Mountain West Bank employed Amber Harris at a location operating at 330 N. Washington, Newport, Washington.

3.4   Mountain West Bank has hundreds of employees within the required 75-mile geographic area so as to make it governed by the Family Medical Leave Act ("FMLA").

3.5   Mountain West Bank's parent company maintained multiple offices within 75 miles of Newport in Ione, Washington; Bonner's Ferry, Idaho; Post Falls, Idaho; Sandpoint, Idaho; and other as detailed in the attached Exhibit 1.

3.6   Amber Harris, over a year prior to her termination, had notified her employer of a disability, interstitial cystitis, which required frequent medical treatment with her treating physician.

3.7   Amber Harris' condition also required her to take restroom breaks every 20-30 minutes.

3.8   Amber Harris' condition was treated with surgery in September of 2014.

3.9   As of September, 2014, Amber Harris' condition was corrected. Since that time she has not suffered from any disability.

3.10   In January 2014, Amber Harris requested an accommodation in the form of FMLA to accommodate her disability.

3.11   Amber Harris asked Shawn Langenderfer for an HR Benefits Coordinator for this accommodation in January of 2014.

3.12   Even prior to this February 2014 request, Mountain West Bank had knowledge of Amber Harris' condition.

3.13   In December of 2013, Ms. Harris was marked down on her review based upon her "attendance."

3.14   The review from 2013 states in pertinent part:

> *Dona Miller-*Amber completes all work in a timely and consistent manner. She arrives prepared for work doing the best job possible. Attendance is an area that needs

AMENDED COMPLAINT FOR
DAMAGES AND REQUEST FOR
JURY TRIAL - 4

attention. Please do your best to schedule appointments outside of work hours and minimize unscheduled absences.

*Amber Harris*-I feel that, given the disease that I have, I do a very good job at scheduling my appointments at the most convenient times that I can. We work 8 to 5 Monday through Friday, so it makes it impossible to schedule doctors' appointments that are not during business hours. Doctors' offices are not usually open on Saturdays, and specialists are never open on Saturday. With the disease that I have I have actually been told by my doctor that the best option would be to apply for disability and not work, and I have not done that. I make every effort to not have unscheduled absences, and to only schedule necessary appointments. On most weeks I work 40 hours, and sometimes more because I stay late when branches are short staffed so that I do not leave them in a bind.

3.15   Amber Harris received only a "2" out of 5 on this "attendance" section of her review.

3.16   Amber Harris had received an employee handbook form her employer, Mountain West Bank.

3.17   The handbook at section 5-1 explicitly states that the Newport Branch is subject to the FMLA.

AMENDED COMPLAINT FOR
DAMAGES AND REQUEST FOR
JURY TRIAL - 5

3.18    Under section 5-1 of the handbook FMLA leave was allowed for staff member's own serious health condition.

3.19    Under the FMLA, a surgery such as Amber Harris had in September 2014 qualified as a serious health condition.

3.20    Amber Harris' surgery was initially scheduled in the spring of 2014. At her employer's request she re-scheduled the surgery.

### The Leave

3.21    Amber Harris began medical leave on September 6th. Her last day of work prior to leave was September 5th.

3.22    Amber Harris had been approved for leave by her employer from September 6, 2014 to September 29, 2014.

3.23    One day before Amber Harris' scheduled return to work on September 28, 2014 Amber Harris was discharged.

3.24    Amber Harris prior to her termination had never been written-up.

3.25    With the exception of her employer's criticism based on her doctor visits she had received excellent reviews and was excelling at her job receiving regular raises, and having quickly progressed to Customer Service Manager.

3.26    Amber Harris was performing all aspects of her job in a satisfactory manner and was utilizing FMLA leave to correct her medical condition.

AMENDED COMPLAINT FOR
DAMAGES AND REQUEST FOR
JURY TRIAL - 6

**Employer's False Excuse for Termination**

3.27   Amber Harris had never been written-up, reprimanded, or disciplined in any way for obtaining the vault code with her Branch manager's knowledge or permission.

3.28   Amber Harris was alleged by her employer to have violated their policy on "dual control."

3.29   The term "dual control" was not, at the time of Amber Harris' termination, defined by her employer.

3.30   Amber Harris prior to taking leave had, with her branch manager's permission, obtained the vault code.

3.31   Amber Harris Had obtained the vault code many times before in the course of performing business related functions.

3.32   Amber Harris also arranged for the code to be changed during her absence. This also was done with her branch manager's permission.

3.33   At larger bank offices than Newport, dual control meant that no employee ever had both halves of the vault combination.

3.34   At the Newport branch, only two employees frequently opened the branch.

3.35   On September 2, 2014, Amber Harris and another employee scheduled to work both knew the same "one-half" of the combination. This left these employees

AMENDED COMPLAINT FOR
DAMAGES AND REQUEST FOR
JURY TRIAL - 7

1 unable to open the vault from a three-day weekend so as to allow the bank to open on time.

3.36   Amber Harris contacted her supervisor, Roxanne, so as to get the other half of the combination to allow for the opening of the bank and the processing of the more numerous than normal "night drop" from the three-day weekend.

3.37   Amber Harris accessed the vault on September 2, 2014, in the presence of other bank employees at the instruction of her manager so as to allow the bank to open on time.

3.38   After September 2, 2014, but prior to going on leave, Amber Harris contacted the bank's security officer Renee and discussed the need to change the bank vault's combination while she was out on medical leave.

3.39   The vault combination was changed while she was out on medical leave, on Amber Harris' instructions.

3.40   Amber Harris had cooperated with other employees to get the combination to allow the bank to function many times before and was never terminated for this behavior prior to her September 2014 medical leave.

3.41   Other employees of Mountain West Bank in Newport also had to access both halves of the combination to allow the bank to function. These other employees were not fired for acting in this manner.

AMENDED COMPLAINT FOR
DAMAGES AND REQUEST FOR
JURY TRIAL - 8

3.42  Amber Harris has suffered lost wages, attorney fees, costs, and seeks punitive damages to the maximum amount allowed by and under the laws of the United States and Washington state.

## IV.  CAUSES OF ACTION

**A. First Claim for Relief Violations of ADA and WLAD.**

4.1  Plaintiff incorporates paragraphs 1 through 3.42 as if pled verbatim herein.

4.2  In order to prevail on an ADA or WLAD failure to accommodate claim the Plaintiff must establish: (1) that she was disabled as defined as by the ADA or WLAD; (2) that she was qualified to perform essential functions of her job, with or without reasonable accommodation; and (3) that because of such a disability the employer failed to make reasonable accommodations for an employee's disability that the employer had knowledge of either actual or constructive.

4.3  Defendant, by and through the acts and omissions of its agents violated the ADA and WLAD by (a) firing Amber Harris while on approved medical leave; (b) reducing Amber Harris' pay and marking her down on her review based upon her disability or perception of disability; (c) Defendants purposely violated Amber Harris' right to be free from disability discrimination under 42 U.S.C. §12101 et seq. and RCW 49.60 et seq.

AMENDED COMPLAINT FOR
DAMAGES AND REQUEST FOR
JURY TRIAL - 9

4.4    In order to establish a prima facie case for discrimination under the ADA and WLAD the plaintiff must show (1) she was a disabled person within the meaning of the Act; (2) she was qualified to perform the essential functions of the job with reasonable accommodation or was otherwise performing the job satisfactorily; and (3) she suffered an adverse employment action because of the disability.

4.5    Defendant failed to accommodate and discriminated against Amber Harris by (a) firing Amber during an approved medical leave under the false pretext of a security violation; (b) by granting medical leave then negatively assessing Amber Harris based on her disability; and (c) denying Amber Harris promotions based on her medical leave and condition.

**B. Second Claim for Relief-Retaliation**

4.6    Amber Harris incorporates paragraphs 1 through 4.5 as if pled verbatim herein.

4.7    The WLAD, ADA and FMLA make it unlawful to retaliate against an employee for opposing unlawful practices, exercising her legal right to be free of discrimination, and for utilizing medical leave.

4.8    Mountain West Bank unlawfully retaliated against Amber Harris for (1) suffering from a disability; and (2) for requesting and utilizing medical leave for a

AMENDED COMPLAINT FOR
DAMAGES AND REQUEST FOR
JURY TRIAL - 10

surgery to correct her medical condition in close proximity to the time of the adverse action making the protected activity and adverse action causally related.

4.9     The termination occurring during the medical leave is prima facie evidence of unlawful retaliation.

### C. Third Claim for Relief Violations of the state and federal FMLA

4.10    Amber Harris incorporates paragraphs 1 through 4.9 as if pled verbatim herein.

4.11    Amber Harris requested medical leave in 2014 to accommodate medical visits for her disability.

4.12    Amber Harris was criticized in her review for attending medical visits.

4.13    Pursuant to 29 U.S.C. §2615, it is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise an employee's right to FMLA.  Washington's comparable state FMLA wholly adopts the federal interpretation of the federal Act for purposes of interpreting state law.

4.14    Mountain West Bank by terminating Amber Harris two days before the end of her medical leave amounts to a violation of the FMLA and gives rise to claims for interference, discrimination and retaliation.

### V.    DEMAND FOR RELIEF

Plaintiff, Amber Harris, hereby demands:

AMENDED COMPLAINT FOR
DAMAGES AND REQUEST FOR
JURY TRIAL - 11

A. Award Plaintiff lost back pay, lost wage damages under the ADA and WLAD, punitive damages under the ADA, liquidated damages under the FMLA, and all other damages allowed in law or in equity, including but not limited to back pay, front pay, pre and post judgment interest, adverse tax consequences, but Plaintiff does not seek emotional distress damages or general damages;

B. Award Plaintiff costs, attorney fees, and other reasonable expenses as allowed by statute under the federal and state law claims cited above and under the *private attorney general* theory of recovery for attorney fees and costs in employment related cases;

C. Allow Plaintiff's claims to be tried to a jury;

D. Award Plaintiff relief as the Court deems equitable.

Dated this   23rd   day of August, 2016.

BEST LAW, PLLC

  s/Ryan Best
RYAN BEST, WSBA # 33672
Attorney for Plaintiff
905 W. Riverside Avenue, Suite 409
Spokane, WA 99201
Telephone:  509-624-4422
Fax:  509-703-7957
E-mail: ryan.best@bestlawspokane.com

AMENDED COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL - 12

MICHAEL LOVE LAW, PLLC


    s/Michael B. Love
MICHAEL B. LOVE, WSBA # 20529
Attorney for Plaintiff
905 W. Riverside Avenue, Suite 404
Spokane, WA 99201
Telephone: 509-212-1668
E-mail: mike@michaellovelaw.com

AMENDED COMPLAINT FOR DAMAGES AND REQUEST FOR JURY TRIAL - 13